**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>LUIS FRANCISCO BARILLAS<br>GALINDO,<br><br>              Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>              Respondent.</td><td>No.   14-72100<br><br>Agency No. A075-674-623<br><br><br>MEMORANDUM<sup>*</sup></td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Luis Francisco Barillas Galindo, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

        *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Barillas Galindo's motion to reopen as untimely, where the motion was filed more than 12 years after his final order of removal, 8 C.F.R. § 1003.2(c)(2), and Barillas Galindo failed to exercise the due diligence required to warrant equitable tolling of the filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to a petitioner who is prevented from timely filing motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (due diligence requires petitioner to take reasonable steps to investigate any suspected fraud or error, or if he is ignorant of such circumstances, make reasonable efforts to pursue relief).

Contrary to Barillas Galindo's contention, the possibility that he may become the beneficiary of an I-130 visa petition does not provide an exception to the filing deadline for a motion to reopen. *See* 8 C.F.R. § 1003.2(c).

We do not consider the extra-record documentation Barillas Galindo submitted with his opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is

limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED.**